IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID J. SHAFFER, M.D.,

        Plaintiff,

v.

        Civil Action No. 5:05-CV-1

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,
a foreign corporation,

        Defendant.

## **MEMORANDUM OPINION and ORDER**

On May 1, 2006, came Plaintiff by Russell Jay Guthrie, Esq., and Shane Mallett, Esq., in person, and Defendant by Michael Gianantonio, Esq., and James F. Companion, Esq., in person, for a hearing on Plaintiff's Motion to Compel.[1] Testimony was not taken. At the close of the hearing, Defendant hand delivered to the Court a binder entitled "Shaffer Privilege Documents." On May 2, 2006, the undersigned ordered Defendant to file a detailed privilege log in accordance with L.R. Civ. P. 26.04 for the requested documents that it deems privileged by May 5, 2006. On May 5, 2006, Defendant sent a supplemental privilege log and the additional documents it deems privileged to the undersigned.[2]

At the outset it should be noted that, while it is never easy to ascertain the precise point at which an insurance company's focus shifts from processing the claim in the ordinary course of

---

[1] Doc. No. 27.

[2] The in camera review required a significant amount of additional time because the privilege logs were poorly organized and documents provided for in camera review were not in the same order as the privilege logs.

business to anticipating litigation, it would appear in this case that on or about March 6, 2002, Defendant determined that there was a "'fairly foreseeable' threat of litigation." Chambers v. Allstate Ins. Co., 206 F.R.D. 579, 588 (2002). On the other hand, many of the documents dated after March 6, 2002 were not prepared for the purposes of seeking, obtaining, or providing legal assistance or in anticipation of litigation.

## **Privilege Log I**

1. Bates 4647 ("Barron Materials"), dated 12/8/04: Not privileged (not prepared in anticipation of litigation or for the purposes of seeking, obtaining, or providing legal assistance).

2. Bates 4644-4646 ("Barron Materials"), dated 12/9/04: Not privileged (draft of a letter to be sent to plaintiff's counsel, a third party).

3. Bates 4643 ("Barron Materials"), dated 12/9/04: Not privileged (a note of transmittal; not prepared in anticipation of litigation or for the purposes of seeking, obtaining, or providing legal assistance).

4. Bates 4642 ("Barron Materials"), dated 12/15/04: Privileged (discusses potential defense; protected by the work product doctrine because it was prepared after litigation instituted).

5. "Barron Materials," dated 12/17/04, from George Loxton to Sally Barron: Not privileged (transmittal; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

6. "Barron Materials," 12/17/04, from George Loxton to Sally Barron and George Loxton: Not privileged (transmittal; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

7. Bates 4805-4806: Not privileged (not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance).

8. Bates 4803-4804: Not privileged (not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance).

9. Bates 4802: Not privileged (not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance).

10. Bates 4801: Not privileged (not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance).

11. Bates 4800: Not privileged (not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

12. Bates 4799: Not privileged (transmittal, scheduling e-mail, not prepared for the purposes of seeking, obtaining, or providing legal assistance).

13. Bates 4798: Not privileged (transmittal, scheduling e-mail, not prepared for the purposes of seeking, obtaining, or providing legal assistance).

14. Bates 4797: Not privileged (transmittal, scheduling e-mail, not prepared for the purposes of seeking, obtaining, or providing legal assistance).

15. Bates 4795-4796: Not privileged (transmittal, not prepared for the purposes of seeking, obtaining, or providing legal assistance).

16. Bates 4793-4794: Not privileged (transmittal, not prepared for the purposes of seeking, obtaining, or providing legal assistance).

17. Bates 4791-4792: Not privileged (transmittal, not prepared for the purposes of seeking, obtaining, or providing legal assistance).

18. Bates 4789: Not privileged (transmittal, not prepared for the purposes of seeking, obtaining, or providing legal assistance).

19. Bates 4788: Not privileged (transmittal, not prepared for the purposes of seeking, obtaining, or providing legal assistance).

20. Bates 4787: Not privileged (transmittal, not prepared for the purposes of seeking, obtaining, or providing legal assistance).

21. Bates 4785-4786: Not privileged (transmittal, not prepared for the purposes of seeking, obtaining, or providing legal assistance).

22. Bates 4784: Not privileged (transmittal, not prepared for the purposes of seeking, obtaining, or providing legal assistance).

23. Bates 4783: Not privileged (transmittal, not prepared for the purposes of seeking, obtaining, or providing legal assistance).

24. Bates 4778-4781: Privileged (prepared anticipation of litigation).

25. Bates 4777: Not privileged (transmittal; not prepared for the purposes of seeking, obtaining, or providing legal assistance).

26. Bates 4774-4776: Not privileged (prepared for public filing; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

27. Bates 4773: Not privileged (transmittal; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

28. Bates 4772: Privileged (protected by the attorney-client privilege because it was prepared for the purposes of seeking, obtaining, or providing legal assistance; protected by the work product doctrine because it was prepared in anticipation of litigation).

29. Bates 4770-4771:

    Privileged: 1st paragraph (4770) beginning with "The statute..."(protected by the attorney-client privilege because they are statements made by the attorney in his capacity as legal adviser).

    Not privileged: the rest (a copy of a WV statute).

30. Bates 4769: Not privileged (transmittal; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

31. Bates 4768: Not privileged (transmittal; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

32. Bates 4767: Not privileged (transmittal; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

33. Bates 4765: Not privileged (prepared in the ordinary course of business to be sent a third party; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

    Bates 4766: Not privileged (prepared in the ordinary course of business to be communicated to a third party; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

34. Bates 4763: Not privileged (prepared in the ordinary course of business to be sent to a third party; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

    Bates 4764: Not privileged (prepared in the ordinary course of business to be communicated to a third party; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

35. Bates 4761-4762: Privileged (protected by the work product doctrine because it was prepared as a result of a "fairly foreseeable" threat of litigation, Chambers v. Allstate Ins. Co., 206 F. R. D. at 588).

36. Bates 4699-4760: Privileged (protected by the work product doctrine because it was prepared in anticipation of litigation).

37. Bates 4698 (duplicate of Bates # 3139): Privileged.

38. Bate 4693: Not privileged (transmittal; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

39. Bates 4691-4692: Not privileged (transmittal; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

40. Bates 4689-4690: Privileged ( protected by the work product doctrine because it was prepared in anticipation of litigation).

41. Bates 4688 (duplicate of Bates # 4762): Privileged.

42. Bates 4687: Not privileged (transmittal; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

43. Bates 4686: Privileged (protected by the work product doctrine because it was prepared as a result of a "fairly foreseeable" threat of litigation, Chambers v. Allstate Ins. Co., 206 F. R. D. at 588).

44. Bates 4685: Privileged (protected by the work product doctrine because it was prepared as a result of a "fairly foreseeable" threat of litigation, Chambers v. Allstate Ins. Co., 206 F. R. D. at 588).

45. Bates 4679: Not privileged (transmittal; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance)

46. Bates 4673-4677: Privileged (protected by the work product doctrine because it was prepared as a result of a "fairly foreseeable" threat of litigation, Chambers v. Allstate Ins. Co., 206 F. R. D. at 588).

47. Bates 4671: Privileged (protected by the work product doctrine because it was prepared as a result of a "fairly foreseeable" threat of litigation, Chambers v. Allstate Ins. Co., 206 F. R. D. at 588).

48. Bates 4672: Privileged (protected by the work product doctrine because it was prepared as a result of a "fairly foreseeable" threat of litigation, Chambers v. Allstate Ins. Co., 206 F. R. D. at 588).

49. Bates 4669: Not privileged (transmittal; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

50. Bates 4668: Privileged (protected by the work product doctrine because it was prepared as a result of a "fairly foreseeable" threat of litigation, Chambers v. Allstate Ins. Co., 206 F. R. D. at 588).

51. Bates 4666-4667: Privileged (protected by the work product doctrine because it was prepared as a result of a "fairly foreseeable" threat of litigation, Chambers v. Allstate Ins. Co., 206 F. R. D. at 588).

52. Bates 4663 (duplicate of Bates # 4785): Not privileged.

53. Bates 4662 (duplicate of Bates # 4798): Not privileged.

54. Bates 4660-4661: Not privileged (transmittal; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

55. Bates 4659: Privileged (protected by the work product doctrine because it was prepared as a result of a "fairly foreseeable" threat of litigation, Chambers v. Allstate Ins. Co., 206 F. R. D. at 588).

56. Bates 4651-4652: Not privileged (transmittal; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

57. Bates 4649-4650: Duplicate of Bates # 4803; handwritten notations (not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

58. Bates 4648: Privileged (notations regarding course of action; protected by the work product doctrine because it was not prepared in anticipation of litigation).

59. Bates 4647: Not privileged (not prepared in anticipation of litigation or for the purposes of seeking, obtaining, or providing legal assistance).

60. Bates 4644-4646: Not privileged (a letter to plaintiff's counsel, a third party).

61. Bates 4643: Not privileged (a note of transmittal; not prepared in anticipation of litigation or for the purposes of seeking, obtaining, or providing legal assistance).

62. Bates 4642: Privileged (instituted and discusses potential defense; protected by the work product doctrine because it was prepared after litigation).

63. Bates 4641: Not privileged (transmittal; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

64. Bates 4640: Not privileged (transmittal; not protected by the attorney-client privilege

because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

## **Privilege Log II**

1. Bates 5132: Not privileged (notation of telephone call to third party: not protected by the work product doctrine because it was not prepared in anticipation of litigation).

2. Bates 5131: Privileged (protected by the work product doctrine because it was prepared as a result of a "fairly foreseeable" threat of litigation, <u>Chambers v. Allstate Ins. Co.</u>, 206 F. R. D. at 588).

3. Bates 5125-26, 5130: Not privileged (notes of non-confidential communications with third party).

4. 5127: Privileged (protected by the work product doctrine because it was prepared in anticipation of litigation).

5. Bates 4648-4806 (John K Garofani's legal file): were addressed in Privilege Log I, except for the following:

    Bates 4665: Not privileged (transmittal, scheduling e-mail; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

    Bates 4670: Privileged (protected by the work product doctrine because it was prepared as a result of a "fairly foreseeable" threat of litigation, <u>Chambers v. Allstate Ins. Co.</u>, 206 F. R. D. at 588).

    Bates 4678: Not privileged (communication with third party; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

    Bates 4680: Not privileged (communication with third party; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

    Bates 4681: Not privileged (communication from third party, not privileged).

    Bates 4682: Not privileged (communication with third party; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

    Bates 4683: Not privileged (communication with third party; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

    Bates 4684 (duplicate of Bates # 4681): Not privileged.

Bates 4694-4697: Privileged (protected by the attorney-client privilege because it was prepared for the purposes of seeking, obtaining, or providing legal assistance; protected by the work product doctrine because it was it was prepared as a result of a "fairly foreseeable" threat of litigation, Chambers v. Allstate Ins. Co., 206 F. R. D. at 588).

Bates 4782: Not privileged (transmittal; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

6. Bates 4641: See Privilege Log I, Not privileged.

7. Bates 4640**:** See Privilege Log II, Not privileged.

8. Bates 4129, 4131-4148: Not privileged (prepared in the ordinary course of business; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

9. Bates 3971: Not privileged (not seeking or giving legal advice; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

10. Bates 3825 (duplicate of Bates # 3139 and 4698): Privileged.

11. Bates 3509-3510: Not privileged (memo to file about conversation with plaintiff's counsel; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

12. Bates 3407-3408: Not privileged (computer instructions; not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining, or providing legal assistance; not protected by the work product doctrine because it was not prepared in anticipation of litigation).

13. Bates 3405-3406: Privileged (protected by the attorney-client privilege because it was prepared for the purposes of seeking, obtaining, or providing legal assistance; protected by the work product doctrine because it was prepared in anticipation of litigation).

14. Bates 3139: Privileged (protected by the work product doctrine because it was prepared as a result of a "fairly foreseeable" threat of litigation, Chambers v. Allstate Ins. Co., 206 F. R. D. at 588).

It is ORDERED that:

Defendant provide Plaintiff with all documents listed above which are not privileged, not work product, not confidential or not protected within fourteen (14) days of the date of entry of this

Order.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear pro se and any counsel of record, as applicable.

DATED: May 24, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE