IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID J. SHAFFER, M.D.,

      Plaintiff,

v.                                Civil Action No. 5:05CV1
                                            (STAMP)

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,
a foreign corporation,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING IN PART AND DENYING IN PART**
**ORDER OF THE MAGISTRATE JUDGE**

I.  Background

On March 10, 2006, the plaintiff, David J. Shaffer, M.D., filed a motion to compel discovery for the production of specified documents, to which the defendant, Northwestern Mutual Life Insurance Company, responded and the plaintiff replied. Pursuant to an order of reference, this discovery dispute was referred to United States Magistrate Judge James E. Seibert on April 10, 2006. On May 1, 2006, the parties appeared before the magistrate judge for a hearing on the plaintiff's motion to compel. At the close of the hearing, the defendant hand delivered to the Court a binder entitled "Shaffer Privilege Documents." On May 2, 2006, the magistrate judge ordered the defendant to file a detailed privilege log in accordance with Local Rule of Civil Procedure 26.04 for the documents that the defendant deemed privileged. The magistrate judge ordered that these documents be provided to the Court on or

before May 5, 2006. On May 5, 2006, the defendant submitted a supplemental privilege log and additional documents it deemed privileged. After consideration, Magistrate Judge Seibert entered an order on May 25, 2006 that the defendant shall provide the plaintiff, within fourteen days of the entry of his order, with all documents that the magistrate judge found were not privileged, not work product, not confidential or not protected.

On June 7, 2006, the defendant filed an objection to the magistrate judge's order asserting that those documents identified as Bates NM 4649-4652, Bates NM 4662-4664, Bates NM 4669, Bates NM 4679, Bates NM 4691-4693, Bates NM 4763, Bates NM 4765, Bates NM 4770-4771[1], Bates NM 4799, Bates NM 4784, Bates NM 4801, Bates NM 4803-4806, Bates NM 4660-4661, Bates NM 4687, Bates NM 4777, Bates NM 4785-4789, Bates NM 4791-4798, Bates NM 4640-4641, Barron Materials dated December 17, 2004, Bates NM 4767-4769, Bates NM 4773-4776, Bates NM 4665, Bates NM 3971 are privileged. The defendant also objected to the magistrate judge's findings with respect to those documents identified as Bates NM 4642 and Bates NM 4778, which the magistrate judge actually found to be privileged. In addition to the objection, the defendant submitted an <u>in camera</u>

---

[1]The magistrate judge found that the first paragraph of Bates NM 4770 beginning with "The statute . . ." is protected by the attorney-client privilege because the statements were made by an attorney in his capacity as a legal advisory. However, the remaining sections of the document identified as Bates NM 4770-4771 are not privileged.

review of documents objected to by the defendant by letter dated
June 7, 2006. The defendant also submitted documents identified as
Bates NM 4782 and Bates NM 4783 by the above-mentioned letter but
did not object to these documents in its objections to the
magistrate judge's order.

## II. Applicable Law

Where a district judge has referred a non-dispositive motion
to a magistrate judge for disposition, "[t]he district judge to
whom the case is assigned shall consider . . . objections and shall
modify or set aside any portion of the magistrate judge's order
found to be clearly erroneous or contrary to law." Fed. R. Civ. P.
72(a); see e.g., Giganti v. Gen-X Strategies, Inc., 222 F.R.D. 299,
304 (E.D. Va. 2004). The clearly erroneous standard means:

> [A] court reviewing a magistrate judge's order should not
> ask whether the finding is the best or only conclusion
> that can be drawn from the evidence. Further, this
> standard does not permit the reviewing court to
> substitute its own conclusion for that of the magistrate
> judge. Rather, the clearly erroneous standard only
> requires the reviewing court to determine if there is any
> evidence to support the magistrate judge's finding and
> that the finding was reasonable.

Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles, 75
F. Supp. 2d 835, 839 (W.D. Tenn 1999), accord, Neighborhood
Development Collaborative v. Murphy, 233 F.R.D. 436, 440 (D. Md.
2005)(citing Tri-Star). In other words, "the magistrate judge's
order must be affirmed unless, after review of the entire record,
the reviewing court is left with the definite and firm conviction

that a mistake has been committed." <u>Giganti</u>, 222 F.R.D. at 305 (citation and internal punctuation omitted).

### III. <u>Discussion</u>

As the magistrate judge noted in his order regarding plaintiff's motion to compel, it is never easy to ascertain the precise point at which an insurance company's focus shifts from processing the claim in the ordinary course of business to anticipating litigation, however, it would appear that in this civil action that on or about March 6, 2002, the defendant determined that there was a "fairly foreseeable" threat of litigation. <u>Chambers v. Allstate Ins. Co.</u>, 206 F.R.D. 579, 588 (S. D. W. Va. 2002). On the other hand, many of the documents dated after March 6, 2002 were not prepared for the purpose of seeking, obtaining, or providing legal assistance or in anticipation of litigation. (Report and Recommendation at 1-2.)

### A. <u>Attorney-Client Privilege</u>

The attorney-client privilege protects communications between a client and an attorney for the purpose of obtaining legal advice. "The privilege generally applies to all communications made by the attorney to the client 'if such communications contain legal advice or reveal confidential information on which the client seeks advice.'" <u>P. & B. Marina, Ltd. P'ship v. Logrande</u>, 136 F.R.D. 50, 53 (E.D.N.Y. 1991)(quoting <u>Standard Chartered Bank v. Ayala Int'l Holdings</u>, 111 F.R.D. 76, 79 (S.D.N.Y. 1986)).

The party claiming the privilege has the burden of establishing the attorney-client privilege applies to the discovery requests at issue. See United States v. Tratner, 511 F.2d 248, 251-52 (7th Cir. 1975). Further, the party asserting the privilege must allege more than a "general allegation or blanket assertion that the privilege should apply." P. & B. Marina, Ltd. P'ship, 136 F.R.D. at 54.

In addition, transmittal records that do no "include legal advice nor disclose privileged matters are not subject to the attorney-client privilege." Id.

B.  Work Product Doctrine

Federal case law applying Rule 26(b)(3) of the Federal Rules of Civil Procedure defines the scope of the work product doctrine in this civil action. Chambers, 206 F.R.D. at 584.

Federal Rule of Civil Procedure 26(b)(3) provides as follows:

> Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by and for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering of such materials when the required showing has been made, the court shall protect against disclosure of the mental impression, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. P. 26(b)(3).

As stated by Judge Broadwater in <u>Kidwiler v. Progressive Paloverde Ins. Co.</u>, 192 F.R.D. 536, 542 (N.D. W. Va. 2002):

> There is no hard and fast rule to determine the point in time when a document is created under the ordinary course of business, and therefore not protected by the work product doctrine, or under the anticipation of litigation, and therefore, protected by the work product doctrine. Therefore, the Court adopts a "case-by-case" approach to this issue, and considers the following factors relevant in this analysis: "the nature of the documents, the nature of the litigation, the relationship between the parties, and any other factor peculiar to the case" and, in addition, the involvement of counsel. Furthermore, the Court considers persuasive, in this analysis, the time when the document is created.

Thus, it is clear that courts must proceed on a "case-by-case" basis when considering the facts indicating the circumstances under which the requested documents were prepared or created or are sought in litigation and upon an <u>in camera</u> examination of the actual documents, in consideration of the intent of the parties in preparing or creating the documents. <u>See</u> <u>Chambers v. Allstate Ins. Co.</u>, 206 F.R.D. at 585.

After review of the documents submitted <u>in camera</u>, this Court finds that Magistrate Judge Seibert's order is not "clearly erroneous" and should be affirmed except with respect to those documents identified as Bates NM 3971 and Bates NM 4774-4776. Accordingly, this Court finds that these documents identified as Bates NM 3971 and Bates NM 4774-4776 are privileged.

1.    Privilege Log I

    a.    Bates NM 4649-4650

Bates NM 4649-4650 correspond to the magistrate judge's ruling at No. 57.  This Court finds that these documents are not protected by the attorney-client privilege because these documents were not prepared for the purposes of seeking, obtaining or providing legal assistance or prepared in anticipation of litigation.  Further, these documents are not protected by the work product doctrine because they were not prepared in the anticipation of litigation.  Accordingly, the document identified as Bates NM 4649-4650 is not privileged because the attorney-client privilege and the work product doctrine to do apply to these documents.

    b.    Bates NM 4651-4652

Bates NM 4651-4652 is a two-page handwritten communication dated as received on October 13, 2003, which corresponds to the magistrate judge's ruling at No. 56.  This document is not privileged because it is a transmittal communication that did not disclose privileged matters under the work produce doctrine.  Thus, this document is not protected by the work product doctrine because it was not prepared in anticipation of litigation.  Accordingly, this Court finds that the document identified as Bates NM 4651-4652 is not privileged.

c. <u>Bates NM 4662</u>

Bates NM 4662 corresponds to the magistrate judge's ruling at No. 53. This Court finds that this document is a duplicate of Bates NM 4798. This document is a transmittal communication and this Court finds that this document is not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance or prepared in anticipation of litigation. Accordingly, this Court finds that the document identified as Bates NM 4662 is not privileged.

d. <u>Bates NM 4663-4664</u>

Bates NM 4663 corresponds to the magistrate judge's ruling at No. 52. While Bates NM 4664 is not listed in the magistrate judge's opinion, it is the second page of the electronic mail message entitled Bates NM 4663, which corresponds to the magistrate judge's ruling at No. 52. This Court finds that this document is not protected by the work product doctrine because it was not prepared in anticipation of litigation. Accordingly, this Court finds that the document identified as Bates NM 466-4664 is not privileged.

e. <u>Bates NM 4642</u>

Bates NM 4642 corresponds to the magistrate judge's ruling at No. 4. This document was identified in the defendant's objections, however, the magistrate judge held that this document is

privileged. (Report and Recommendation at 2.) The magistrate judge found, and this Court agrees, that this electronic message discusses potential defenses. Accordingly, this Court finds that the electronic document dated December 15, 2004, identified as Bates 4642, is protected by the work product doctrine because it was prepared after litigation commenced.

### f. Bates NM 4669

Bates NM 4669 corresponds to the magistrate judge's ruling at No. 49. This Court finds that this handwritten note is not privileged because is it a transmittal communication. It is not protected by the attorney-client privilege because it was not prepared for the purpose of seeking, obtaining or providing legal assistance. Furthermore, the handwritten note is not protected by the work product doctrine because it was not prepared in anticipation of litigation. Accordingly, this Court finds that the document identified as Bates NM 4669 is not privileged.

### g. Bates NM 4679

Bates NM 4679 corresponds to the magistrate judge's ruling at No. 45. This Court finds that this document is not privileged. It is a transmittal communication not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance. Accordingly, this Court finds that the document identified as Bates NM 4679 is not privileged.

### h.   Bates NM 4691-4692

Bates NM 4691-4692 correspond to the magistrate judge's ruling at No. 39.  This Court finds that these documents are transmittal communications not protected by the attorney-client privilege because they were not prepared for the purposes of seeking, obtaining or providing legal assistance.  Further, these documents are not protected by the work product doctrine because they were not prepared in the anticipation of litigation.  Accordingly, this Court finds that the document identified as Bates NM 4691-4692 is not privileged.

### i.   Bates NM 4693

Bates NM 4693 corresponds to the magistrate judge's ruling at No. 38.  This Court finds that this document is not privileged.  It is a transmittal communication not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance.  Further, this document is not protected by the work product doctrine because it was not prepared in the anticipation of litigation.  Accordingly, this Court finds that the document identified as Bates NM 4693 is not privileged.

### j.   Bates NM 4763

Bates NM 4763 corresponds to the magistrate judge's ruling at No. 34.  This Court finds that this document was prepared in the ordinary course of business to be sent to a third party.  Thus,

this document is not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance. Further, this document is not protected by the work product doctrine because it was not prepared in the anticipation of litigation. Accordingly, this Court finds that the document identified as Bates NM 4763 is not privileged.

k.   Bates NM 4765

Bates NM 4765 corresponds to the magistrate judge's ruling at No. 33. This Court finds that this document was prepared in the ordinary course of business to be sent to a third party. The document is not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance. Further, this document is not protected by the work product doctrine because it was not prepared in the anticipation of litigation. Accordingly, this Court finds that the document identified as Bates NM 4765 is not privileged.

l.   Bates NM 4770-4771

Bates NM 4770 corresponds to the magistrate judge's ruling at No. 29. This Court finds that the first paragraph of the document identified as Bates NM 4770 beginning with "The statute . . ." is protected by the attorney-client privilege because the statements were made by an attorney in his capacity as a legal advisory.

The remainder of the document identified as Bates NM 4770 and Bates NM 4771 is not privileged because it is a copy of a West

Virginia statute that is available to the public and not protected under any privilege.

m. <u>Bates NM 4799</u>

Bates NM 4799 corresponds to the magistrate judge's ruling at No. 12. This Court finds that this document is not privileged. It is a transmittal communication not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance. Accordingly, this Court finds that the document identified as Bates NM 4779 is not privileged.

n. <u>Bates NM 4784</u>

Bates NM 4784 corresponds to magistrate judge's ruling at No. 22. This Court finds that this document is not privileged. It is a transmittal communication not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance. Accordingly, this Court finds that the document identified as Bates NM 4784 is not privileged.

o. <u>Bates NM 4801</u>

Bates NM 4801 corresponds to the magistrate judge's ruling at No. 10. This Court finds that this document is not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance.

Accordingly, this Court finds that the document identified as Bates NM 4801 is not privileged.

      p.   <u>Bates NM 4803-4804</u>

Bates NM 4803-4804 correspond to the magistrate judge's ruling at No. 8. This Court finds that these documents are not privileged. Specifically, these documents are not protected by the attorney-client privilege because they were not prepared for the purposes of seeking, obtaining or providing legal assistance. Accordingly, this Court finds that the document identified as Bates NM 4803-4804 is not privileged.

      q.   <u>Bates NM 4805-4806</u>

Bates NM 4805-4806 correspond to the magistrate judge's ruling at  No. 7. This Court finds that these documents are not privileged. Specifically, these documents are not protected by the attorney-client privilege because they were not prepared for the purposes of seeking, obtaining or providing legal assistance. Accordingly, this Court finds that the document identified as Bates NM 4805-4806 is not privileged.

      r.   <u>Bates NM 4660-4661</u>

Bates NM 4660-4661 correspond to the magistrate judge's ruling at No. 54. This Court finds that these documents constitute transmittal communications that not protected by the attorney-client privilege because they were not prepared for the purposes of seeking, obtaining or providing legal assistance. Further, these

document are not protected by the work product doctrine because they were not prepared in the anticipation of litigation. Accordingly, this Court finds that the document identified as Bates NM 4660-4661 is not privileged.

s.   <u>Bates NM 4687</u>

Bates NM 4687 corresponds to the magistrate judge's ruling at No. 42.  This document is a transmittal communication that is not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance.  Further, this document is not protected by the work product doctrine because it was not prepared in the anticipation of litigation.  Accordingly, this Court finds that the document identified as Bates NM 4687 is not privileged.

t.   <u>Bates NM 4777</u>

Bates NM 4777 corresponds to the magistrate judge's ruling at No. 25.  This Court finds that this document is not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance. Accordingly, this Court finds that the document identified as Bates NM 4777 is not privileged.

u.   <u>Bates NM 4778</u>

Bates NM 4778 corresponds to the magistrate judge's ruling at No. 24.  The magistrate judge found, and this Court agrees, that this electronic message was produced in the anticipation of

litigation. Accordingly, this Court finds that the electronic message dated March 28, 2003, identified as Bates NM 4778, is protected by the work product doctrine because it was prepared in the anticipation of litigation.

     v.    <u>Bates NM 4783</u>

Bates NM 4783 corresponds to the magistrate judge's ruling at No. 23. This document was included in the defendant's documents but was not objected to in the defendant's objections to the magistrate judge's order. However, this Court finds that this document is not privileged. Specifically, this document is not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance. Accordingly, this Court finds that the document identified as Bates NM 4783 is not privileged.

     w.    <u>Bates NM 4785-4789</u>

Bates NM 4785, 4786, 4787, 4788 and 4789 correspond to the magistrate judge's ruling at No. 21. Bates NM 4785-4786 is an electronic mail message dated May 6, 2003 and Bates NM 4787-4789 consist of two separate electronic mail messages dated June 5, 2003. This Court finds that these electronic mail messages are not privileged. Specifically, these documents are not protected by the attorney-client privilege because they were not prepared for the purposes of seeking, obtaining or providing legal assistance.

Accordingly, this Court finds that the document identified as Bates NM 4785-4789 is not privileged.

> x.   <u>Bates NM 4791-4792</u>

Bates NM 4791 and 4792 correspond to the magistrate judge's ruling at No. 17.   This Court finds that these documents are transmittal communications that are not privileged.   Specifically, these documents are not protected by the attorney-client privilege because they were not prepared for the purposes of seeking, obtaining or providing legal assistance.   Accordingly, this Court finds that the document identified as Bates NM 4791-4792 is not privileged.

> y.   <u>Bates NM 4793-4794</u>

Bates NM 4793 and 4794 correspond to the magistrate judge's ruling at No. 16.   This Court finds that these documents are transmittal communications that are not privileged.   Specifically, these documents are not protected by the attorney-client privilege because they were not prepared for the purposes of seeking, obtaining or providing legal assistance.   Accordingly, this Court finds that the document identified as Bates NM 4793-4794 is not privileged.

> z.   <u>Bates NM 4795-4796</u>

Bates NM 4795-4796 is an electronic mail message dated June 5, 2003, which corresponds to the magistrate judge's ruling at No. 15. This Court finds that this document is a transmittal communication

that is not privileged. Specifically, this document is not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance. Accordingly, this Court finds that the document identified as Bates NM 4795-4796 is not privileged.

### aa. Bates NM 4797

Bates NM 4797 corresponds to the magistrate judge's ruling at No. 14. This Court finds that this document is a transmittal communication that is not privileged. Specifically, the document is not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance. Accordingly, this Court finds that the document identified as Bates NM 4797 is not privileged.

### bb. Bates NM 4798

Bates NM 4798 corresponds to the magistrate judge's ruling at No. 13. This Court finds that this document is a transmittal communication that is not privileged. Specifically, the document is not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance. Accordingly, this Court finds that the document identified as Bates NM 4798 is not privileged.

### cc. Bates NM 4640

Bates NM 4640 corresponds to the magistrate judge's ruling at No. 64. This Court finds that this document is a transmittal

communication that is not privileged. Specifically, this document is not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance. Accordingly, this Court finds that the document identified as Bates NM 4640 is not privileged.

> dd. <u>Bates NM 4641</u>

Bates NM 4641 corresponds to the magistrate judge's ruling at No. 63. This Court finds that this document is a transmittal communication that is not privileged. Specifically, the document is not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance. Further, this communication is not protected by the work product doctrine because it was not prepared in the anticipation of litigation. Accordingly, this Court finds that the document identified as Bates NM 4641 is not privileged.

> ee. <u>Bates NM 4642</u>

Bates NM 4642 corresponds to the magistrate judge's ruling at No. 4. This Court finds that this document is protected by the work product doctrine because it discusses a potential defense. Moreover, it was prepared after litigation commenced. Accordingly, the document identified as Bates NM 4642 is privileged.

> ff. <u>Bates NM 4767</u>

Bates NM 4767 corresponds to the magistrate judge's ruling at No. 32. This document is a transmittal communication that is not

protected by the attorney-client privilege because it was not
prepared for the purposes of seeking, obtaining or providing legal
assistance. Further, this communication is not protected by the
work product doctrine because it was not prepared in the
anticipation of litigation. Accordingly, this Court finds that the
document identified as Bates NM 4767 is not privileged.

   gg.  <u>Bates NM 4768</u>

  Bates NM 4768 corresponds to the magistrate judge's ruling at
No. 31. This document is a transmittal communication that is not
protected by the attorney-client privilege because it was not
prepared for the purposes of seeking, obtaining or providing legal
assistance. Further, this communication is not protected by the
work product doctrine because it was not prepared in the
anticipation of litigation. Accordingly, this Court finds that the
document identified as Bates NM 4768 is not privileged.

   hh.  <u>Bates NM 4769</u>

  Bates NM 4769 corresponds to the magistrate judge's ruling at
No. 30. This document is a transmittal communication that is not
protected by the attorney-client privilege because it was not
prepared for the purposes of seeking, obtaining or providing legal
assistance. Further, this communication is not protected by the
work product doctrine because it was not prepared in the
anticipation of litigation. Accordingly, this Court finds that the
document identified as Bates NM 4769 is not privileged.

### ii. Bates NM 4773

Bates NM 4773 corresponds to the magistrate judge's ruling at No. 27. This document is a transmittal communication that is not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance. Further, this communication is not protected by the work product doctrine because it was not prepared in the anticipation of litigation. Accordingly, this Court finds that the document identified as Bates NM 4773 is not privileged.

### jj. Bates NM 4774-4776

Bates NM 4774-4776 correspond to the magistrate judge's ruling at No. 26. These documents consist of an electric mail message and an attachment containing two drafts of affidavits to be utilized in a prior proceeding. Upon review of the prior proceeding, this Court finds that these affidavits were never filed in the prior proceeding and, as far as this Court knows, were never revealed to any third party.[2]

As stated by the United States Fourth Circuit Court of Appeals, in United States v. (Under Seal), 748 F.2d 871, 875-76 (4th Cir. 1984), communications by a client providing information to an attorney and asking that attorney to look into the possibility of making a public filing with respect to that

---

[2]The plaintiff has not asserted that this document was revealed to any third party.

20

information may be privileged when there is a subsequent decision not to make a public disclosure.

Similarly, this Court finds that the disclosure of the affidavits never occurred in the prior proceeding and thus, the defendant retains a reasonable expectation of confidentiality with respect to this electronic mail message and attached affidavits identified as Bates NM 4774-4776.

kk.  Barron Materials Dated December 17, 2004

Barron Materials dated December 17, 2004 correspond to the magistrate judge's ruling at No. 6.  This Court finds that these documents are transmittal communications that are not privileged. Specifically, these documents are not protected by the attorney-client privilege because they were not prepared for the purposes of seeking, obtaining or providing legal assistance.  Further, these documents are not protected by the work product doctrine because they were not prepared in the anticipation of litigation. Accordingly, this Court finds that the documents identified as Barron Materials dated December 17, 2004 are not privileged.

2.  Privilege Log II

a.  Bates NM 4665

Bates NM 4665 corresponds to the magistrate judge's ruling at No. 5.  This Court finds that this electronic mail message is a transmittal communication that is not protected by the work product doctrine because it was not prepared in anticipation of litigation.

21

Accordingly, this Court finds that the document identified as Bates NM 4665 is not privileged.

### b. Bates NM 4782

Bates NM 4782 corresponds to the magistrate judge's ruling at No. 5. This Court finds that this document, an electronic mail message, is not privileged. This document was included in the defendant's documents but was not objected to in the defendant's objections to the magistrate judge's order. However, this Court finds that Bates NM 4782 is a transmittal communication that is not protected by the work product doctrine because it was not prepared in anticipation of litigation. Accordingly, this Court finds that the document identified as Bates NM 4782 is not privileged.

### c. Bates NM 3971

Bates NM 3971 corresponds to the magistrate judge's ruling at No. 9. This Court finds that this document is privileged because it was prepared in the anticipation of litigation.

### d. Bates NM 4640

Bates NM 4640 corresponds to the magistrate judge's ruling at No. 7. As stated in Privilege Log I, this Court finds that this electronic mail message is not privileged. Specifically, this communication is not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance. Further, this communication is not protected by the work product doctrine because it was not prepared

in the anticipation of litigation.  Accordingly, this Court finds that the document identified as Bates NM 4640 is not privileged.

e.    Bates NM 4641

Bates NM 4641 corresponds to the magistrate judge's ruling at No. 6.  As stated in Privilege Log I, this Court finds that this electronic mail message is not privileged.  This document is not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining or providing legal assistance.  Further, this communication is not protected by the work product doctrine because it was not prepared in the anticipation of litigation.  Accordingly, this Court finds that the document identified as Bates NM 4641 is not privileged.

Based upon the above stated facts, this Court finds that the magistrate judge has intimate knowledge of the discovery in this civil action and did not clearly err in finding that those documents identified as Bates NM 4649-4652, Bates NM 4662-4664, Bates NM 4669, Bates NM 4679, Bates NM 4691, Bates NM 4692, Bates NM 4693, Bates NM 4763, Bates NM 4765, Bates NM 4770, Bates NM 4771, Bates NM 4799, Bates NM 4784, Bates NM 4801, Bates NM 4803-4806, Bates NM 4660-4661, Bates NM 4687, Bates NM 4777, Bates NM 4778, Bates NM 4785-4789, Bates NM 4791, Bates NM 4792, Bates NM 4793, Bates NM 4794, Bates NM 4795, Bates NM 4796-4798, Bates NM 4640-4642, Bates NM 4767, Bates NM 4768, Bates NM 4769, Bates NM 4773, Bates NM 4665, Bates NM 4640-4641 and the Barron Materials

dated December 17, 2004 were not privileged documents. In addition, this Court finds that the magistrate judge correctly found that those documents identified as Bates NM 4782-4783 which were not objected to by the defendant, but submitted in their letter dated June 7, 2006 are not privileged. Finally, this Court finds that those documents identified as Bates NM 3971 and Bates NM 4774-4776 are privileged.

## IV.  Conclusion

For the reasons stated above, this Court AFFIRMS and ADOPTS the magistrate judge's report and recommendation with respect to those documents identified as Bates NM 4649-4652, Bates NM 4662-4664, Bates NM 4669, Bates NM 4679, Bates NM 4691, Bates NM 4692, Bates NM 4693, Bates NM 4763, Bates NM 4765, Bates NM 4770, Bates NM 4771, Bates NM 4799, Bates NM 4784, Bates NM 4801, Bates NM 4803-4806, Bates NM 4660-4661, Bates NM 4687, Bates NM 4777, Bates NM 4778, Bates NM 4785-4789, Bates NM 4791, Bates NM 4792, Bates NM 4793, Bates NM 4794, Bates NM 4795, Bates NM 4796-4798, Bates NM 4640-4642, Bates NM 4767, Bates NM 4768, Bates NM 4769, Bates NM 4773, Bates NM 4665, Bates NM 4640-4641 and the Barron Materials dated December 17, 2004. However, this Court finds that the defendant, Northwestern Mutual Life Insurance Company's objections to the magistrate judge's report and recommendation are hereby SUSTAINED with respect those documents identified as to Bates NM 3971 and Bates NM 4774-4776. It is further ORDERED that the

defendant shall provide the plaintiff with all documents listed above which are held to be not privileged because they are not covered under the work product doctrine or attorney-client privilege within seven days following the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    August 21, 2006


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE